# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WELLS FARGO BANK, NA,
      Plaintiff,

v.                                        Case No. 12-CV-01100

ALFRED ALEXANDER FLORES, and
VIRGINIA MARIE FLORES,
      Defendants.

## DECISION AND ORDER

Defendants Alfred and Virginia Flores removed this case from Racine County Circuit Court on October 30, 2012. Before me now is their emergency motion for injunctive relief, which I construe as a motion for a temporary restraining order under Fed. R. Civ. P. 65(b).

In May 2011, defendants were served with a foreclosure summons and complaint by plaintiff Wells Fargo Bank. On September 26, 2011, the state court granted a judgment of foreclosure, and in October 2012 the property at issue was sold in a sheriff's sale. On October 26, 2012, the state court entered an order confirming the sale, and on November 1, 2012 a writ of assistance was issued because defendants are still in possession of the property. Defendants ask that I issue an injunction ordering the state court to vacate the writ of assistance and resulting notice of eviction because the writ was issued after they filed their notice of removal. *See* 28 U.S.C. § 1446(d) (noting that after the filing of a notice of removal "the State court shall proceed no further unless and until the case is remanded").

A party seeking injunctive relief under Rule 65 must demonstrate that "it is reasonably likely to succeed on the merits, it is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Defendants have not met these requirements. Even if defendants can prove they are likely to succeed on the merits, they have not alleged that they will suffer an irreparable injury if an injunction is not issued. The sheriff will remove them from their home, but they have not explained why this injury could not be remedied by monetary damages after the fact. They have also failed to allege that the harm they will suffer outweighs the harm an injunction would cause to plaintiff and the public. Therefore, I will deny the motion for injunctive relief.

I will also warn defendants that they need to respond to plaintiff's motion to remand this case to state court. Plaintiff filed its motion to remand on November 13, 2012 as an expedited motion under Civil L.R. 7(h) (E.D. Wis. 2010), but defendants have not yet responded to it. I will give defendants until December 10, 2012 to answer the motion. If they fail to file a brief in opposition by this deadline, I will grant the motion as unopposed under Civil L.R. 7(d).

**THEREFORE, IT IS ORDERED** that defendants' emergency motion for injunctive relief [DOCKET #10] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants have until **December 10, 2012** to file a brief in opposition to plaintiff's motion to remand.

Dated at Milwaukee, Wisconsin, this 28th day of November 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge